2PROB 12
REVISED (05/90)

# UNITED STATES DISTRICT COURT
## for
## WESTERN DISTRICT OF TENNESSEE

04-20286

FILED BY _____ D.C.

05 AUG -9 PM 3:56

U.S.A. vs. **Katrina R. Newson**
             **a/k/a Katrina R. Newsom**

Docket No. _____2:04CR20286-01_____

CLERK, US DISTRICT COURT
W/D OF TN, MEMPHIS

## Petition on Probation and Supervised Release

**COMES NOW** Edward E. Shaw **PROBATION OFFICER OF THE COURT** presenting an official report upon the conduct and attitude of Katrina R. Newson who was placed on supervision by the Honorable Bernice B. Donald sitting in the court at Memphis, TN on the 5th day of January, 2005, who fixed the period of supervision at two (2) years, and imposed the general terms and conditions theretofore adopted by the Court and also imposed Special Conditions and terms as follows:

1. The defendant shall participate in the Home Detention Program with Electronic Monitoring for a period of six (6) months.

2. The defendant shall submit a DNA sample as directed by the Probation Officer.

3. The defendant shall pay restitution of $8,550.00 in regular monthly installments in the amount of ten percent (10%) of gross income (i.e., total income from all sources before deductions, exemptions or other tax deductions). [Balance owed: $8,550.00.]

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

(PLEASE SEE ATTACHED)

**PRAYING THAT THE COURT WILL ORDER** a WARRANT be issued for Katrina R. Newson to appear before Your Honor to answer charges of violation of Probation.

**BOND:** _____

### ORDER OF COURT

Considered and ordered this 4 day of Aug 2005 and ordered filed and made a part of the records in the above case.

_____
Honorable Bernice B. Donald
United States District Judge

This document entered on the docket sheet in compliance with Rule 55 and/or 32(b) FRCrP on 8/11/05

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: August 3, 2005

_____
United States Probation Officer

Place: Memphis, TN

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

THE DEFENDANT VIOLATED THE FOLLOWING CONDITIONS OF PROBATION:

**The defendant shall not commit another Federal, state, or local crime.**

On May 20, 2005, the defendant, Katrina Newson, was arrested by the Memphis Police and charged with Identity Theft in violation of TCA §39-13-150. The Affidavit of Complaint indicates that Katrina Newson illegally obtained utility service at her residence, 8066 Irene, No. 102, Memphis, TN by using stolen identity information which belonged to a Kathryn Cushman. This case is pending in Shelby County General Sessions Court.

Beginning on or after January 5, 2005, and continuing to on or about May 20, 2005, Katrina Newsom did violate various and numerous Federal and state laws. According to the investigative reports of the Memphis Police, which conducted a search of Ms. Newson's apartment, purse and computer, Katrina Newson did:

> -apply via the Internet and/or the U.S. Postal Service, for credit in the name of Beverly Gardner, using Ms. Gardner's stolen personal identity information, with American Express, Capital One, Chase, and Cingular Wireless; and, the defendant did then cause one or more Cingular Wireless telephones to be shipped by FedEx in the name of Beverly Gardner to Katrina Newsom's, home address of 8066 Irene Blvd., Apt. No. 2, Memphis, TN 38125, causing a dollar loss to Cingular that is unknown at this time.

> -apply via the Internet and/or the U.S. Postal Service for credit in the name of Ida Wilkins, using a Social Security Number belonging to Takahashi Hiroshi, to obtain credit cards from Macy's, American Express, First Federal Savings Visa, and Chase Visa; and, the defendant did use or cause to be used the fraudulently obtained lines of credit to purchase items and cause a $2,108.96 loss to Macy's, a $1,452.90 loss to American Express, and a $485.47 loss to Chase Visa.

> -use or cause to be used stolen checks belonging to Michael D. House to pay or attempt to pay the monthly rent for the apartment in which the defendant did live, pay for the utility service for that same apartment (which had been obtained in another person's name), and make payments of the Macy's account which had been obtained in the name of Ida Wilkins.

**The defendant shall participate in the Home Detention program with Electronic Monitoring for a period of six (6) months.**

Katrina Newson did violate requirements of the Home Detention program by violating the set curfew on five (5) occasions: on the 1st, 17th, 18th, 19th, and 20th days of June 2005.

**The defendant shall pay $8,550.00 in restitution in monthly installments of not less than ten percent (10%) of the defendant's monthly gross income.**

Katrina Newson has not paid as ordered.

# VIOLATION WORKSHEET

1. Defendant __Katrina Newson. (a/k/a: Katrina Newsom) (Address: 6870Club Ridge Circle, Memphis, TN 38125)__

2. Docket Number (Year-Sequence-Defendant No.) __2:04CR20286-01__

3. District/Office __Western District of Tennessee (Memphis)__

4.  __01__     __05__     __2004__
    month    day    year

*(If different than above):*

5. Original District/Office _____

6. Original Docket Number (Year-Sequence-Defendant No.) _____

7. List each violation and determine the applicable grade {see §7B1.1}:

| Violation{s} | Grade |
|---|---|
| New Criminal Conduct: Identity Theft, et.al. | B |
| Violation of Home Detention | C |
| Violation of Restitution order | C |
|  |  |
|  |  |

8. Most Serious Grade of Violation (see §7B1.1(b)) — __B__

9. Criminal History Category (see §7B1.4(a))74 — __I__

10. Range of imprisonment (see §7B1.4(a))    | 4 - 10 months* |

\* The statutory maximum term of imprisonment is five (5) years. Also see reasons for departure on next page.

11. Sentencing Options for Grade B and C violations Only (Check the appropriate box):

{X} (a) If the minimum term of imprisonment determined under §7B1.4(Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c) (1) provides sentencing options to imprisonment.

{ } (b) If the minimum term of imprisonment determined under §7B1.4(Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c) (2) provides sentencing options to imprisonment.

{ } (c) If the minimum term of imprisonment determined under §7B1.4(Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

**Defendant**   Katrina Newson

12. **Unsatisfied Conditions of Original Sentence**

List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation {see §7B1.3(d)}:

Restitution ($) ___$8,550.00___         Community Confinement ___N/A___

Fine ($) ___N/A___                      Home Detention ___Four (4) months___

Other ___N/A___                         Intermittent Confinement ___N/A___

13. **Supervised Release**

If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 {see §§7B1.3(g)(1)}.

Term: ___N/A___ to ___N/A___ years

If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment impossible upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment {see 18 U.S.C. §3583(e) and §7B1.3(g)(2)}.

Period of supervised release to be served following release from imprisonment: ___NMT 3 years___

14. **Departure**

List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

**Pursuant to §7B1.3(d) any home detention previously imposed that remains unserved at the time of revocation may be served in addition to the sanction determined under §7B1.4. Thus, the adjusted range derived by taking into account the estimated unserved Home Confinement would be approximately 8-14 months**

15. **Official Detention Adjustment** {see §7B1.3(e)}: months _____ days _____

Mail documents to: United States Sentencing Commission, 1331 Pennsylvania Avenue, N.W.<br>Suite 1400, Washington, D.C., 20004, Attention: Monitoring Unit

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 30 in case 2:04-CR-20286 was distributed by fax, mail, or direct printing on August 11, 2005 to the parties listed.

---

Jacob E. Erwin
WAGERMAN LAW FIRM
200 Jefferson Avenue
Ste. 1313
Memphis, TN 38103

Sean M. Haynes
U.S. TRUSTEE
200 Jefferson Ave.
Ste. 400
Memphis, TN 38103

Carroll L. Andre
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable Bernice Donald
US DISTRICT COURT